UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRIAN KEITH HUBBARD,

        Plaintiff,

v.                                         Case No. 5:05-cv-425-Oc-10GRJ

JAY BROWN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Plaintiff's Affidavit of Indigency (Doc. 2) which the Court construes as a motion for leave to proceed *in forma pauperis*. In light of Plaintiff's motion, the Court has authority under 28 U.S.C. §1915(e)(2) to review the complaint to determine whether it should be dismissed.[2] The Court has done so in this matter and determines that Plaintiff's Complaint (Doc. 1) is due to be **DISMISSED with prejudice**.

### I. Background

Plaintiff's largely unintelligible Complaint (Doc. 1) consists of little more than a laundry list of statutory and constitutional provisions that Plaintiff contends were violated

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] 28 U.S.C. § 1915(e)(2) provides, in part, that a court "shall dismiss [a] case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

by the Defendants, all of whom appear to be Texas State officials.[3]  Conspicuously absent from the Complaint are any factual allegations to support these alleged violations.  And, even though Plaintiff has failed to provide any factual insight to support his claims, he demands "$100 million per violation, all false documentation be exponged (sic), a public apology, free medical for life for nerve damage, as well as to safely reside at [his] residence in ... Texas ... without fear of retaliatory acts ... " Plaintiff requests that all proceedings be held in Florida and that the U.S. Marshal Service provide protection for Plaintiff, his family and other federal witnesses.

Plaintiff has filed additional documents, including a pleading entitled "Amended Addition To Original Complaint Plus Addition To Defendants." (Doc. 6) in which he has included "Nell Cooper, Ph.D" in the case style as a party plaintiff.[4]  Plaintiff alleges that Ms. Cooper was unlawfully arrested by police officers in Texas on March 10, 2003 and immediately taken to the TSP clinic at JPS in Fort Worth, Texas where she was "subjected to a MOCK TRIAL" and ordered to take "psychotic drugs."  According to Plaintiff, on or about March 31, 2003, Ms. Cooper was transferred against her will to N. Texas State Camp in Wichita Falls, Texas and then on October 25, 2004, she was abducted by a fake ER ambulance and taken to the JPS "psycho ER room" where she was kept against her will and was forced to take psychotic drugs and subjected to "psychotronic torture."  Plaintiff alleges that Ms. Cooper was sent back to North Texas

---

[3] For example, Plaintiff *inter alia* cites to 42 USC §14141; 14th and 5th Amendments; and the Geneva Convention.

[4] Nell Cooper Ph.D is included in the case style as a Plaintiff, which purportedly bears her signature.

State Camp where she remained until November 22, 2004.  Ms. Cooper was transferred back to the TSP clinic at JPS in Fort Worth, Texas where she endured "drugs and electronic PSYCHOTRONIC" and illegal drug injections.  Plaintiff also alleges that Ms. Cooper has been harassed and tortured at her residence by individuals with ties to drug cartels and terrorists -- i.e., dangerous lethal gases were pumped into her residence, food was tampered with and laced with illegal "METH", her residence was burglarized, radiation was pumped into her residence, cosmetics were tainted with "BIO CHEMICALS", and her computer was sabotaged and hacked.

     In addition to the allegations in the Complaint and "Amended Addition to Original Complaint," discussed above, Plaintiff filed yet another disjointed pleading containing more fanciful allegations. In a document entitled "Amended Motion To Add Additional Complaints" (Doc. 11) Plaintiff makes reference to a purported FBI sting operation in Texas related to an international terrorist organization.  Plaintiff alleges that in March 2001, he sold approximately $50,000 of tires to unnamed individuals.  These individuals paid for the tires using money orders from Western Union, which Plaintiff was unable to cash because the "Feds" had put a hold on them.  After learning that his tires were being offered for sale at half price, Plaintiff contacted one of the individuals to whom he sold the tires -- Marzook a/k/a Omar -- and told Omar that his employees were on their way to Dallas Tire to get cash or the tires.  Plaintiff alleges that when his employees arrived at Dallas Tire, they were surrounded by federal officers who took the money orders and told them that the tires would be returned.  The tires were returned by helicopter and car escorts.  Plaintiff demanded payment for the tires but he was advised that he would be compensated by a favor.  Several months later Omar showed up to

make good on his promise to compensate Plaintiff.  Omar gave Plaintiff the name of an individual who supposedly had good deals on tires -- Ihab Ramadon who owned International Trading Co. based in Salt Lake City, Utah.  Plaintiff alleges that his dealings with Ihab Ramadon were not successful and that Ihab Ramadon was putting him out of business.

Plaintiff also goes on to allege an extensive list of unspecified wrongs stemming from an incident in March 2003 when his ex-wife's boyfriend allegedly attempted to kill him at his residence in Texas.  According to Plaintiff, the police told his neighbors that he was crazy, his house was broken into, he was threatened, his vehicles were vandalized, his phones were jammed and his cell phones were redirected, his bank account was tampered with, the police locked him up and made false statements and "had trials without [Mr. Hubbard] present and tried to force meds on [Mr. Hubbard] and said get out of our county."  Plaintiff alleges that he contacted the local police and the FBI but that they did nothing.

In addition to the rambling and disjointed claims included in the documents discussed above, Plaintiff also has filed a request to certify a class action (Doc. 4), a motion to add more Defendants (Doc. 5)(all of whom are Texas residents), a motion to appoint counsel (Doc. 8), and a motion for writ of mandamus. (Doc. 9.)

## II. Discussion

Section 1915(e) provides, in pertinent part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action – (I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Plaintiff's case should be dismissed because Plaintiff's rambling recitations of unrelated events fail to reveal any cognizable causes of action. It is also apparent that the flaws in the complaint are so numerous and so fundamental that granting Plaintiff leave to amend would be an exercise in futility.  Plaintiff's case also falls within those classes of cases that are properly designated as frivolous. Frivolous claims include claims based on indisputably meritless legal theories, claims based on clearly baseless factual contentions - and as is the case here - "claims describing fantastic or delusional scenarios."[5]  Accordingly, this Court has the authority *sua sponte* to dismiss Plaintiff's case.

In addition to the fact that Plaintiff's case should be dismissed because it is frivolous, Plaintiff should not be permitted to proceed in this Court because this Court has no personal jurisdiction over the Defendants and because venue is improper in this District.

Due process requires that, in order for a court to exercise personal jurisdiction over a defendant, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[6] It is evident from Plaintiff's pleadings that all of the named Defendants appear to be state officials in Texas, none of whom are alleged to have any

---

[5] Nietzke v. Williams, 490 U.S. 319, 327-28 (1989)("Examples of the latter class [frivolous claims] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.").

[6] International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

contact or connection with Florida or this District.  The only connection between this action and this District is the fact that Plaintiff now resides within the Middle District of Florida.[7]  Allowing Defendants to be hailed into this Court would offend traditional notions of fair play and substantial justice, in violation of Defendants' due process rights.

Lastly, venue is improper in this District, as well. Venue, in a civil action "wherein jurisdiction is not founded solely on diversity of citizenship," may properly be lain only in "(1) a judicial district where any defendant resides . . ., (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found."[8]  None of these three circumstances are present in the instant case.  All of the events described by Plaintiff occurred in the state of Texas, which is also where all of the Defendants apparently "reside" and can be found.[9]  Accordingly, Plaintiff's claims also are due to be dismissed because venue is improper in this district.[10]

---

[7] On the Civil Cover Sheet, Plaintiff noted that he was a temporary citizen of Florida and that the Defendants were citizens of another state.  See Doc. 1.  Plaintiff subsequently filed a Motion To Add Further Defendants (Docs. 5 & 7) in which he sought leave to add numerous additional defendants, none of whom appear to have any connection to the Middle District of Florida, let alone the State of Florida.

[8] 28 U.S.C. § 1391(b) (2005).

[9] As noted above, Ihab Ramadon (who is not a named Defendant) allegedly was based in Salt Lake City, Utah.

[10] 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because of the frivolous nature of the claims it is not in the interest of justice to transfer this case to a district court in Texas.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that: (1) Plaintiff's Motion For Leave To Proceed In Forma Pauperis (Doc. 2) should be **DENIED,** (2) Plaintiff's Complaint (Doc. 1) should be **DISMISSED with prejudice**, and (3) the Clerk should be directed to terminate all pending motions and close the file.

**IN CHAMBERS** in Ocala, Florida, on November 30, 2005.

*[signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:
   The Honorable Wm. Terrell Hodges
   Senior United States District Judge

   *Pro se* Plaintiff